9183.SHV.JAD
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006

**United States District Court**
**Southern District of New York**

*Judge McMahon*

**'08 CIV 7346**

DOCKET NO. _____CV_____

---

ATLAS EXPORTER, D/B/A LOOMS INDIA

PLAINTIFF

- AGAINST -

ANI INDUSTRIES LLC D/B/A/ ANGILIQUE,
HABIB AMERICA BANK, GEOLOGISTICS
AMERICAS INC., ALLCARGO MOVERS (INDIA)
PVT LTD., RITESH MAHTANI, AND NAVINE
MAHTANI,

DEFENDANT

---

GEOLOGISTICS AMERICAS INC A/K/A/
AGILITY LOGISTICS'

PETITION OF REMOVAL

FROM SUPREME COURT OF
THE STATE OF NEW YORK
COUNTY OF NEW YORK
INDEX NO. 602111/08

Geologistics Americas Inc. d/b/a Agility Logistics (hereinafter collectively referred to as "Agility") defendant in the above captioned matter, petitions the Court as follows:

1. A civil action has been commenced and is now pending in the Supreme Court of the New York, County of New York [Index No.602111/08], wherein Atlas Exporter d/b/a/ Looms India is plaintiff, and Agility is an answering defendant/petitioner. No trial has yet been had therein. Copies of pleadings served upon or by defendant/petitioner in this action are attached hereto marked as Exhibits A and B.

2. The Supreme Court of the State of New York Index number 602111/08 is one which may be removed pursuant to 28 U.S.C. §1337 in that the matter concerns a civil action or proceeding arising under an Act of Congress regulating commerce, including, the

NEW YORK
COUNTY CLERKS OFFICE

AUG 19 2008

NOT COMPARED
WITH COPY FILE

Warsaw Convention 49 U.S.C §40105 and the liability of carriers under receipts and bills of lading at 49 U.S.C. §14706 and 28 U.S.C. § 1331.

3.  True copies of the Summons, Complaint and Answer filed in the Supreme Court of the New York, County of New York [Index No.602111/08] are attached hereto this petition and filed herein as Exhibits A and B, respectively.

4.  The provisions of the Warsaw Convention ("WARSAW"), formally known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C.A. § 40105, applies to all cases in which an aircraft is hired to transport something on an international route.

5.  As a treaty adhered to by both India, the export nation, and the United States, the import nation, the Warsaw Convention is the supreme law of the land and trumps local law when it applies. U.S.C.A. Const. Art. 2, § 2, cl. 2; U.S.C.A. Const. Art. 6, § 2; Warsaw Convention, Art. 1 et seq., 49 U.S.C.A. § 40105 note.

6.  The Carriage of Goods By Sea Act ("COGSA") applies by force of law to every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade. 46 U.S.C.A. § 1300 et. seq. (Apr. 16, 1936, ch. 229, § 1, 49 Stat. 1207).

7.  A period of less than thirty (30) days has elapsed since Agility became aware of the existence of this lawsuit and the nature of the controversy. In addition, less than a year has elapsed since this lawsuit was commenced. This petition is, therefore, made within the time period prescribed by 28 U.S.C. § 1446.

Dated: New York, New York
August 18, 2008

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP

By: /s/ Stephen Vengrow
  Stephen H. Vengrow (SHV/3479)
  61 Broadway, Suite 3000
  New York, New York 10006
  Voice: 212-344-7042
  Fax: 212-344-7285
  Email: svengrow@cckvt.com

**Via Us Mail**
Davidoff, Malito & Hutcher LLP
Attention: Ralph Preite, Esq.
605 Third Avenue
New York, New York 10158
(212) 557-7200
Attorneys for Plaintiff

ANI Industires LLC d/b/a/ Angilique
1407 Broadway, Suite 921
New York, NY 100018
Attention: Ritesh Mahtani

ANI Industires LLC d/b/a/ Angilique
1407 Broadway, Suite 921
New York, NY 100018
Attention: Navine Mahtani

Habib American Bank
99 Madison Avenue
New York, NY 10016

AllCargo Movers Inc.
200 Middlesex Turnpike
Iselin, NJ 08830

# Exhibit A

**Supreme Court**
**New York County**
**Index No. /602111/08**

**Removed to**

**United State District Court**
**Southern District of New York**

_____CV_____



NEW YORK
COUNTY CLERK'S OFFICE

AUG 19 7

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X

Atlas Exporters,
d/b/a Looms India,

              Plaintiff,

      -against-

ANI Industries LLC d/b/a Angilique,
Habib American Bank,
GeoLogistics Americas Inc.,
AllCargo Movers (India) PVT LTD.,
Ritesh Mahtani, and
Navine Mahtani,

              Defendants.

------------------------------------------X

Index No. 602111/08

SUMMONS

NEW YORK
COUNTY CLERK'S OFFICE

JUL 18 2008

NOT COMPARED
WITH COPY FILE

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the within verified
Complaint in this action and to serve copies of your answer upon
the undersigned, within twenty (20) days after service of this
Summons and Complaint upon you, exclusive of the day of service,
or thirty days if served otherwise than personally, and in the
case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the Complaint.

Dated:    New York, New York
        July 18, 2008

                      DAVIDOFF, MALITO & HUTCHER LLP

                      By: _____
                        Ralph E. Preite, Esq.
                      Attorneys for Plaintiff
                      605 Third Avenue
                      New York, New York 10158
                      (212) 557-7200

00377270

To:    ANI Industries LLC d/b/a Angilique
       1407 Broadway, Suite 921
       New York, New York 10018

       Habib American Bank
       99 Madison Avenue
       New York, NY 10016

       GeoLogistics Americas Inc.
       152-01 Rockaway Blvd.
       Jamaica, New York 11434

       GeoLogistics Americas Inc.
       1251 East Dyer Road
       Suite 200
       Santa Ana, California 92705

       Allcargo Movers Inc.
       200 Middlesex Turnpike
       Iselin, New Jersey 08830

       Ritesh Mahtani
       ANI Industries LLC
       1407 Broadway, Suite 921
       New York, New York 10018

       Navine Mahtani
       ANI Industries LLC
       1407 Broadway, Suite 921
       New York, New York 10018

00377270

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------X

Atlas Exporters,                                    Index No.
d/b/a Looms India,
                    Plaintiff,

        -against-

ANI Industries LLC d/b/a Angilique,
Habib American Bank,
GeoLogistics Americas Inc.,
AllCargo Movers (India) PVT LTD.,
Ritesh Mahtani, and
Navine Mahtani,

                    Defendants.

------------------------------X

SUMMONS

DAVIDOFF MALITO & HUTCHER LLP
Attorneys for Atlas Exporters, Plaintiff
605 Third Avenue
New York, New York 10158
(212) 557-7200

00373437

DAVIDOFF MALITO & HUTCHER LLP
Attorneys for Atlas Exporters, Plaintiff
605 Third Avenue
New York, New York 10158
(212) 557-7200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X

Atlas Exporters,                                                    Index No. 602111/08
d/b/a Looms India,
                              Plaintiff,

             -against-

ANI Industries LLC d/b/a Angilique,
Habib American Bank,
GeoLogistics Americas Inc.,
AllCargo Movers (India) PVT LTD.,
Ritesh Mahtani, and
Navine Mahtani,

                              Defendants.

------------------------------------X

NEW YORK
COUNTY CLERK'S OFFICE

JUL 18 2008

NOT COMPARED
WITH COPY FILE

VERIFIED COMPLAINT FOR MONIES DUE AND OWING FOR
UNPAID ORDERS AND FRAUDULENTLY OBTAINED GOODS

       Atlas Exporters, plaintiff ("Plaintiff"), by its attorneys,

Davidoff Malito & Hutcher LLP, as and for its complaint herein

against ANI Industries LLC ("ANI"), Habib American Bank ("Habib

Bank"), GeoLogistics Americas Inc., All Cargo, Ritesh Mahtani

("Ritesh"), and Navine Mahtani ("Navine"), the above-captioned

defendants, respectfully shows and alleges to this Court as

00373437

follows:

1.      The relief sought in this action relies upon rights and claims arising under New York law, including section §7-309 of the New York Uniform Commercial Code (McKinney's), section 349 of the New York General Business Law (McKinney's) for deceptive acts and practices, conversion, negligence and fraud.

2.      This Court has personal jurisdiction over the defendants pursuant to sections 301 and 302 of the New York Civil Practice Law and Rules (McKinney's 2008) (the "CPLR") because each either resides in New York, or is registered to conduct business in New York, or had conducted business in New York, at all times relevant to this proceeding.

3.      Venue is proper in New York County pursuant to section 503(a) of the CPLR because the principal place of business or residence of several defendants (ANI, Habib Bank, Ritesh and Navine) are located in New York County.

## SUMMARY OF CLAIMS

4.      This case is brought by Plaintiff to recover the sum of $139,414.70.

5.      Said amount is due and owing by ANI for orders of custom apparel that it placed with Plaintiff and that Plaintiff

manufactured at the specific request and direction of ANI, and
which ANI obtained fraudulently by use of fraudulent bank
release orders and/or by other false and/or fraudulent means, or
simply never paid or never took delivery.

   6.    Plaintiff seeks to recover various components of the
aforementioned $139,414.70 from the remaining defendants, except
for the individual defendants Ritesh and Navine, from which
Plaintiff seeks the entire amount because of the fraud and
unlawful deceptive acts that each perpetrated on Plaintiff
through ANI.

<u>FACTUAL BACKGROUND</u>

   7.    Plaintiff is a sole proprietorship duly formed in
Mumbai, India, and is in the apparel manufacturing business.

   8.    Defendant ANI is a New Jersey limited liability
corporation which has registered with the New York Secretary of
State to do business in New York.

   9.    Defendant ANI has a place of business at 1407
Broadway, Suite 921, New York, New York 10018.

   10.   Upon information and belief, ANI serves as a
supplier of fashion apparel to U.S. based department store
chains such as JC Penny, Dress Barn and others.

   11.   At all times relevant to this proceeding, the

00373437                          3

clothing that defendant ANI ordered was supplied to such entities.

12.    Defendant Habib Bank ("Habib Bank") is a New York State Charted Bank with a place of business at 99 Madison Avenue, New York, New York 10016.

13.    Defendant Habib Bank served as the clearing bank for the bills of lading transmitted from India to the U.S. in connection with the orders that ANI placed with Plaintiff and took delivery of, but did not pay for.

14.    Habib Bank should have collected requisite payment from ANI for each order, and only then subsequently deliver each original bill of lading or air waybill or airway release order to ANI for each such order.

15.    Defendant GeoLogistics Americas Inc. is a corporation with a place of business at 152-01 Rockaway Blvd., Jamaica, New York, United States 11434 and 1251 East Dyer Road, Suite 200, Santa Ana, California 92705.

16.    GeoLogistics is a freight forwarder and warehouse which improperly released Plaintiff's apparel goods to ANI without collecting from ANI the appropriate original proof of payment, thereby permitting ANI to take such goods without paying Plaintiff for such.

00373437                                    4

17.   Defendant All Cargo is a corporation with a place of business at 200 Middlesex Turnpike, Iselin, New Jersey 08830.

18.   All Cargo is a freight forwarder and warehouse which improperly released Plaintiff's apparel goods to ANI without collecting from ANI the appropriate original proof of payment, thereby permitting ANI to take such goods without paying Plaintiff for such.

19.   Upon information and belief, Defendant Ritesh is an officer, director and/or shareholder of Defendant ANI.

20.   Ritesh through defendant ANI perpetrated a series of fraudulent transactions through deceptive practices that enabled ANI to collect Plaintiff's goods without duly paying Plaintiff for such.

21.   Upon information and belief, Defendant Navine is an officer, director and/or shareholder of Defendant ANI.

22.   Navine through defendant ANI perpetrated a series of fraudulent transactions through deceptive practices that enabled ANI to collect Plaintiff's goods without duly paying Plaintiff for such.

23.   The transactions which are the subject of this complaint are described and discussed below.

A.          FIRST CAUSE OF ACTION - -
            AGAINST ANI FOR MONEY DUE AND OWING ON
            ACCOUNT OF SHIPMENT INVOICE 85/E/05 06
            (CUT#9086) DATED FEBRUARY 21, 2006.

24.     Plaintiff repeats each and every allegation
contained in paragraphs 1. through 22.  as if fully set forth at
length herein.

25..    By ANI's purchase order made on or about February
2006, ANI ordered from Plaintiff the following goods, consisting
of:

- 1644 pieces of 97% cotton/3% Lycra ladies blouses (style 7D74C25);
- 1764 pieces of 97% cotton/3% Lycra ladies blouses (style 7D73443).

26.     By Plaintiff's invoice 85/E/05 06 (CUT#9086) DATED
FEBRUARY 21, 2006, Plaintiff advised ANI that the cost of the
order was $16,528.80.

27.     In or about February 2006, Plaintiff duly
manufactured the subject goods and shipped same via GeoLogistics
on or about February 21, 2006.

28.     Additionally, Plaintiff caused air waybill number
020-BOM-3871-3474 or (020-3871-3474) to be delivered to and
deposited with Habib Bank in New York.

29.     The subject goods were waiting in GeoLogistic's
warehouse for Defendant ANI to collect upon presentation of the
original air waybill evidencing full payment for the goods.

30.    At all times relevant to this proceeding, the original air waybill for this transaction was on deposit with Habib Bank.

31.    If ANI had duly paid to Habib Bank the outstanding balance owed to Plaintiff, it would have collected the original air waybill and delivered same to GeoLogistics.

32.    Plaintiff has been informed that a all times relevant to this proceeding the original air waybill for this transaction remained on deposit with Habib Bank, and then was subsequently returned to the corresponding bank in India, INDIA OVERSEAS BANK, due to non-payment by ANI, as advised in Habib Bank's letter dated May 31, 2007.

33.    Accordingly, ANI never paid Habib Bank for the original air waybill and the subject goods associated therewith.

34.    Nonetheless, ANI obtained the subject goods using documentation issued on Habib Bank's letterhead entitled AIRWAY RELEASE - Authority to Release Goods dated February 23, 2006 and executed by Shoaib Siddiqui, Habib Bank Deputy Manager and Sarmad Imam, Habib Bank Deputy Manager, thereby delivering the goods to ANI without ensuring payment to Plaintiff.

35.    GeoLogistics owed a contractual, statutory and common law duty to Plaintiff to hold subject goods until ANI

presented an original air waybill evidencing payment in full to Habib Bank.

36.   GeoLogistics breached said duty by releasing the subject goods to ANI without collecting the original air waybill on deposit with Habib Bank.

37.   Upon information and belief, ANI through Ritesh's and Navine's deceptive and fraudulent acts, caused GeoLogistics to release the subject goods without collecting from ANI the original air waybill that was on deposit at Habib Bank.

38.   The original air waybill subsequently was returned to the corresponding bank in India, INDIA OVERSEAS BANK, due to non-payment by ANI, as advised in Habib Bank's letter dated May 31, 2007.

39.   Based upon the foregoing, Plaintiff has been damaged by ANI in the amount of $16,528.80.

40.   Accordingly, Plaintiff seeks judgment of the Court against defendant ANI under this cause of action in the amount of $16,528.80, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

B.    SECOND CAUSE OF ACTION - -
      AGAINST GEOLOGISTICS FOR NEGLIGENCE ON
      ACCOUNT OF SHIPMENT INVOICE 85/E/05 06
      (CUT#9086) DATED FEBRUARY 21, 2006.

41.   Plaintiff repeats each and every allegation

00373437                              8

contained in paragraphs 1 through 39. as if fully set forth at length herein.

42.    Under the common law and section 7-309 of the New York UCC, defendant GeoLogistics owed the duty to Plaintiff to use reasonable care to protect the Plaintiff with respect to the subject goods represented by SHIPMENT INVOICE 85/E/05 06 (CUT#9086) DATED FEBRUARY 21, 2006.

43.    By delivering the subject goods without receiving payment therefore, defendant GeoLogistics breached that duty.

44.    Consequently, as a result of GeoLogistics' breach, Plaintiff suffered actual injury or loss in the sum of $16,528.80.

45.    As a direct consequence of GeoLogistics' failure to honor its duty to Plaintiff, GeoLogistics has caused Plaintiff to lose the sum of $16,528.80.

46.    Accordingly, Plaintiff seeks judgment of the Court against defendant GeoLogistics under this cause of action in the amount of $16,528.80, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

C.      THIRD CAUSE OF ACTION --
        AGAINST GEOLOGISTICS FOR CONVERSION OF
        GOODS IN SHIPMENT INVOICE 85/E/05 06
        (CUT#9086) DATED FEBRUARY 21, 2006.

47.     Plaintiff repeats each and every allegation contained in paragraphs 1 through 45. as if fully set forth at length herein.

48.     Plaintiff had a possessory right or interest in the subject goods represented in SHIPMENT INVOICE 85/E/05 06 (CUT#9086) DATED FEBRUARY 21, 2006, and could have retrieve them if not duly paid for and retrieved by ANI.

49.     By delivering the subject goods without receiving payment, defendant GeoLogistics has asserted dominion over the subject goods, and interfered with Plaintiff's possessory rights or interest therein, all in derogation of Plaintiff's rights.

50.     Consequently, as a result of GeoLogistics's conversion of the subject goods, Plaintiff suffered actual injury or loss in the sum of $16,528.80.

51.     Accordingly, Plaintiff seeks judgment of the Court against defendant GeoLogistics under this cause of action for conversion in the amount of $16,528.80, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

.D.       FOURTH CAUSE OF ACTION – –
AGAINST RITESH AND NAVINE FOR MONEY DUE AND
OWING ON ACCOUNT OF THEIR FRAUD AND UNLAWFUL
DECEPTIVE ACTS AND PRACTICES REGARDING
SHIPMENT INVOICE 85/E/05 06 (CUT#9086) DATED
FEBRUARY 21, 2006.

52.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 50. as if fully set forth at length herein:

53.    Ritesh and Navine, and each of them, committed fraudulent and unlawful deceptive acts and practices in connection with their handling of the subject goods represented in invoice SHIPMENT INVOICE 85/E/05 06 (CUT#9086) DATED FEBRUARY 21, 2006.

54.    Specifically, Ritesh and Navine created on Habib Bank's letterhead a fraudulent and unlawful and deceptive document entitled AIRWAY RELEASE – Authority to Release Goods dated February 23, 2006 and made it appear to be executed by Shoaib Siddiqui, Habib Bank Deputy Manager and Sarmad Imam, Habib Bank Deputy Manager, thereby enabling ANI to obtain the subject goods without making full payment to Plaintiff.

55.    The fraudulent and unlawful deceptive acts and practices of Ritesh and Navine, and each of them, caused harm to Plaintiff in that the acts caused Plaintiff to lose the sum of

00373437          11

$16,528.80.

56.    Accordingly, Plaintiff seeks judgment of the Court against defendants Ritesh and Navine, and each of them, in this cause of action in the amount of $16,528.80, plus an award of damages in an amount not to exceed three times the actual damages, as may be awarded under section 349 of the General Business Law, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

      E.       FIFTH CAUSE OF ACTION - - AGAINST ANI FOR MONEY DUE AND OWING ON ACCOUNT OF SHIPMENT INVOICE NO. 008/E/06-07 (CUT#9101/02/03) DATED APRIL 18, 2006.

57.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 50. as if fully set forth at length herein.

58.    By ANI's purchase order on or about April 2006, ANI ordered from Plaintiff the following goods, consisting of:

- 3468 pieces of 100% cotton ladies blouses (style 7E54D29);
- 3042 pieces of 100% cotton ladies blouses (style 7D39C38);
- 1628 pieces of 100% cotton ladies blouses (style 7E51D30).

59.    By Plaintiff's invoice number 008/E/06-07 (CUT #9101/02/03) dated April 18, 2006, Plaintiff advised ANI that the cost of the order was $31,716.30.

60.    In or about April 2006, Plaintiff duly manufactured the subject goods and shipped same to ANI through GeoLogistics.

00373437                               12

61. Additionally, Plaintiff's caused bill of lading number BOM 0115571/001 to be delivered to and deposited with Habib Bank in New York.

62. The subject goods were waiting with GeoLogistics for defendant ANI to collect upon presentation of the original bill of lading evidencing full payment for the goods.

63. At all times relevant to this proceeding, the original bill of lading for this transaction was on deposit with Habib Bank.

64. If ANI had duly paid to Habib Bank the outstanding balance owed to Plaintiff, it would have collected the bill of lading from Habib Bank and delivered same to GeoLogistics.

65. Plaintiff has been informed that the original bill of lading for this transaction remained on deposit with Habib Bank for a time.

66. The bill of lading was subsequently was returned to the corresponding bank in India, INDIAN OVERSEAS BANK.

67. Accordingly, ANI never paid Habib Bank for the bill of lading and the subject goods associated therewith.

68. GeoLogistics permitted the subject goods to be released to ANI without proper documentation, thereby delivering the goods to ANI without ensuring payment to Plaintiff.

00373437                          13

69. GeoLogistics owed a contractual, statutory and common law duty to Plaintiff to hold subject goods until ANI presented an original bill of lading evidencing payment in full to Habib Bank.

70. GeoLogistics breached said duty by releasing the subject goods to ANI without collecting the original bill of lading on deposit with Habib Bank.

71. Upon information and belief, ANI through Ritesh's and Navine's deceptive and fraudulent acts, caused GeoLogistics to release the subject goods without collecting from ANI the original bill of lading that was on deposit at Habib Bank.

72. Based upon the foregoing, Plaintiff has been damaged by ANI in the amount of $31,716.30.

73. Accordingly, Plaintiff seeks judgment of the Court against defendant ANI under this cause of action in the amount of $31,716.30, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

F.    SIXTH CAUSE OF ACTION - -
AGAINST GEOLOGISTICS FOR NEGLIGENCE ON
ACCOUNT OF SHIPMENT INVOICE NUMBER 008/E/06-
07 (CUT #9101/02/03) DATED APRIL 18, 2006.

74. Plaintiff repeats each and every allegation contained in paragraphs 1 through 72, as if fully set forth at

length herein.

75.    Under the common law and section 7-309 of the New York UCC, defendant GeoLogistics owed the duty to Plaintiff to use reasonable care to protect the Plaintiff with respect to the subject goods represented in invoice number 008/E/06-07 (CUT #9101/02/03) dated April 18, 2006.

76.    By delivering the subject goods without receiving payment, defendant GeoLogistics breached that that duty.

77.    Consequently, as a result of GeoLogistics' breach, Plaintiff suffered actual injury or loss and that the loss or injury in the sum of $31,716.30.

78.    As a direct consequence of GeoLogistics' failure to honor its duty to Plaintiff, GeoLogistics has caused Plaintiff to lose the sum of $31,716.30.

79.    Accordingly, Plaintiff seeks judgment of the Court against defendant GeoLogistics under this cause of action in the amount of $31,716.30, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

G.    SEVENTH CAUSE OF ACTION --
      AGAINST GEOLOGISTICS FOR CONVERSION OF GOODS
      IN SHIPMENT INVOICE NUMBER 008/E/06-07 (CUT
      #9101/02/03) DATED APRIL 18, 2006.

80.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 78. as if fully set forth at

00373437                           15

length herein.

81.    Plaintiff had a possessory right or interest in the subject goods represented in invoice number 008/E/06-07 (CUT #9101/02/03) dated April 18, 2006 and could have retrieve them if not duly paid for and retrieved by ANI.

82.    By delivering the subject goods without receiving payment, defendant GeoLogistics has asserted dominion over the subject goods, and interfered with Plaintiff's possessory rights or interest therein, all in derogation of Plaintiff's rights.

83.    Consequently, as a result of GeoLogistics' conversion of the subject goods, Plaintiff suffered actual injury or loss and that the loss or injury in the sum of $31,716.30.

84.    Accordingly, Plaintiff seeks judgment of the Court against defendant GeoLogistics under this cause of action for conversion in the amount of $31,716.30, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

H.    EIGHTH CAUSE OF ACTION - -
AGAINST RITESH AND NAVINE FOR MONEY DUE AND
OWING ON ACCOUNT OF THEIR FRAUD AND UNLAWFUL
DECEPTIVE ACTS AND PRACTICES REGARDING
SHIPMENT INVOICE 008/E/06-07 (CUT
#9101/02/03) DATED APRIL 18, 2006.

85.    Plaintiff repeats each and every allegation

00373437                    16

contained in paragraphs 1 through 83. as if fully set forth at length herein.

86.    Ritesh and Navine, and each of them, committed fraudulent and unlawful deceptive acts and practices in connection with their handling of the subject goods.

87.    Specifically, Ritesh and Navine, and each of them, repeated their previous course of conduct and created on Habib Bank's letterhead a fraudulent and unlawful and deceptive document entitled <u>AIRWAY RELEASE - Authority to Release Goods</u> dated February 2006 and made it appear to be executed by managers or officers, or otherwise, of Habib Bank, thereby enabling ANI to obtain the subject goods without making full payment to Plaintiff.

88.    The fraudulent and unlawful deceptive acts and practices of Ritesh and Navine, and each of them, caused harm to Plaintiff in that the acts caused Plaintiff to lose the sum of $31,716.30.

89.    Accordingly, Plaintiff seeks judgment of the Court against defendants Ritesh and Navine, and each of them, on this cause of action in the amount of $31,716.30, plus an award of damages in an amount not to exceed three times the actual damages, as may be awarded under section 349 of the General

00373437                              17

Business Law, plus interest, costs, disbursements and reasonable
legal fees, to the Plaintiff.

       I.        NINTH CAUSE OF ACTION - -
                AGAINST ANI FOR MONEY DUE AND OWING ON
                ACCOUNT OF SHIPMENT INVOICE NO. 83/E/05 06
                <u>(CUT #9089) DATED FEBRUARY 15, 2006.</u>

90.    Plaintiff repeats each and every allegation
contained in paragraphs 1 through 87. as if fully set forth at
length herein.

91.    By ANI's purchase order on or about December 2006,
ANI ordered from Plaintiff the following goods, consisting of:

- 7200 pieces of 100% cotton girls skirts (style 6D62).

92.    By Plaintiff's invoice 85/E/05 06 (CUT #9089) DATED
FEBRUARY 15, 2006, Plaintiff advised ANI that the cost of the
order was $27,000.00.

93.    In or about February 2006, Plaintiff duly
manufactured the subject goods and shipped same via GeoLogistics
Pvt. Ltd. on or about February 21, 2006.

94.    Additionally, Plaintiff caused air waybill number
932-BOM-0885 9480 to be delivered to and deposited with Habib
Bank in New York.

95.    The subject goods were waiting in GeoLogistics'
warehouse for Defendant ANI to collect upon presentation of the
original air waybill evidencing full payment for the goods.

96.    At all times relevant to this proceeding, the original air waybill for this transaction was on deposit with Habib Bank.

97.    If ANI had duly paid to Habib Bank the outstanding balance owed to Plaintiff, it would have collected the original air waybill and delivered same to GeoLogistics.

98.    ANI paid Plaintiff the sum of $19,750.00, leaving an unpaid balance on this shipment of $7,250.00.

99.    Plaintiff has been informed that the original air waybill for this transaction remained on deposit with Habib Bank, although it was subsequently returned to the corresponding bank in India, INDIA OVERSEAS BANK, due to non-payment by ANI, as advised in Habib Bank's letter dated May 31, 2007.

100.   Accordingly, ANI never paid Habib Bank for the original air waybill and the subject goods associated therewith.

101.   Nonetheless, ANI obtained the subject goods using documentation issued on Habib Bank's letterhead entitled AIRWAY RELEASE – Authority to Release Goods dated February 22, 2006 and executed by Shoaib Siddiqui, Habib Bank Deputy Manager and Sarmad Imam, Habib Bank Deputy Manager, thereby delivering the goods to ANI without ensuring payment to Plaintiff.

102.   GeoLogistics owed a contractual, statutory and

common law duty to Plaintiff to hold subject goods until ANI presented an original air waybill evidencing payment in full to Habib Bank.

103. GeoLogistics breached said duty by releasing the subject goods to ANI without collecting the original air waybill on deposit with Habib Bank.

104. Upon information and belief, ANI through Ritesh's and Navine's deceptive and fraudulent acts, caused GeoLogistics to release the subject goods without collecting from ANI the original air waybill that was on deposit at Habib Bank.

105. The original air waybill subsequently was returned to the corresponding bank in India, INDIA OVERSEAS BANK, due to non-payment by ANI, as advised in Habib Bank's letter dated May 31, 2007.

106. Based upon the foregoing, Plaintiff has been damaged by ANI in the amount of $7,250.00.

107. Accordingly, Plaintiff seeks judgment of the Court against defendant ANI under this cause of action in the amount of $7,250.00, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

J.    TENTH CAUSE OF ACTION - -
AGAINST GEOLOGISTICS FOR NEGLIGENCE ON
ACCOUNT OF SHIPMENT INVOICE NO. 83/E/05 06
(CUT #9089) DATED FEBRUARY 15, 2006.

108.    Plaintiff repeats each and every allegation
contained in paragraphs 1 through 106. as if fully set forth at
length herein.

109.    Under the common law and section 7-309 of the New
York UCC, defendant GeoLogistics owed the duty to Plaintiff to
use reasonable care to protect the Plaintiff with respect to the
subject goods represented in invoice number 008/E/05 06 (CUT
#9089) dated APRIL 18, 2006.

110.    By delivering the subject goods without receiving
payment, defendant GeoLogistics breached that duty.

111.    Consequently, as a result of GeoLogistics' breach,
Plaintiff suffered actual injury or loss and that the loss or
injury in the sum of $7,250.00.

112.    As a direct consequence of GeoLogistics' failure to
honor its duty to Plaintiff, GeoLogistics has caused Plaintiff
to lose the sum of $7,250.00.

113.    Accordingly, Plaintiff seeks judgment of the Court
against defendant GeoLogistics under this cause of action in the
amount of $7,250.00, plus interest, costs, disbursements and
reasonable legal fees, to the Plaintiff.

00373437                                    21

K.    ELEVENTH CAUSE OF ACTION --
AGAINST GEOLOGISTICS FOR CONVERSION OF GOODS
IN SHIPMENT INVOICE NUMBER 83/E/05 06 (CUT
#9089)  DATED FEBRUARY 15, 2006.

114.    Plaintiff repeats each and every allegation
contained in paragraphs 1 through 112. as if fully set forth at
length herein.

115.    Plaintiff had a possessory right or interest in the
subject goods represented in invoice number 008/E/05 06 (CUT
#9089) dated APRIL 18, 2006, and could have retrieve them if not
duly paid for and retrieved by ANI.

116.    By delivering the subject goods without receiving
payment, defendant GeoLogistics has asserted dominion over the
subject goods, and interfered with Plaintiff's possessory rights
or interest therein, all in derogation of Plaintiff's rights.

117.    Consequently, as a result of GeoLogistics'
conversion of the subject goods, Plaintiff suffered actual
injury or loss and that the loss or injury in the sum of
$7,250.00.

118.    Accordingly, Plaintiff seeks judgment of the Court
against defendant GeoLogistics under this cause of action for
conversion in the amount of $7,250.00, plus interest, costs,
disbursements and reasonable legal fees, to the Plaintiff.

L.    TWELFTH CAUSE OF ACTION --
AGAINST RITESH AND NAVINE FOR MONEY DUE
AND OWING ON ACCOUNT OF THEIR FRAUD AND
UNLAWFUL DECEPTIVE ACTS AND PRACTICES
REGARDING INVOICE NUMBER 83/E/05 06
(CUT #9089) DATED FEBRUARY 15, 2006.

119.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 117.    as if fully set forth at length herein.

120.    Ritesh and Navine committed fraudulent and unlawful deceptive acts and practices in connection with their handling of the subject goods identified in invoice number 83/E/05 06 (CUT #9089) dated February 15, 2006.

121.    Specifically, Ritesh and Navine, and each of them, created on Habib Bank's letterhead a fraudulent and unlawful and deceptive  document entitled AIRWAY RELEASE – Authority to Release Goods dated February 22, 2006 and made it appear to be executed by Shoaib Siddiqui, Habib Bank Deputy Manager and Sarmad Imam, Habib Bank Deputy Manager, thereby enabling ANI to obtain the subject goods without making full payment to Plaintiff.

122.    The fraudulent and unlawful deceptive acts and practices of Ritesh and Navine, and each of them, caused harm to Plaintiff in that the acts caused  Plaintiff to lose the sum of $7,250.00.

00373437                           23

123.    Accordingly, Plaintiff seeks judgment of the Court against defendants Ritesh and Navine, and each of them, this cause of action in the amount of $7,250.00 plus an award of damages in an amount not to exceed three times the actual damages, as may be awarded under section 349 of the General Business Law, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

M.    THIRTEENTH CAUSE OF ACTION - -
AGAINST ANI FOR MONEY DUE AND OWING ON
ACCOUNT OF SHIPMENT INVOICE NO. 78/E/05 06
(CUT#9086) B/C 9106/9105, 9093/9099 DATED
FEBRUARY 28, 2006.

124.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 122. as if fully set forth at length herein.

125.    By ANI's purchase order on or about April 2006, ANI ordered from Plaintiff the following goods, consisting of:

- 2328 pieces of 97% cotton/3% lycra Ladies tanks (style 7D74351, 7D73443, 7D73B48, 7D73443);
- 2568 pieces of 97% cotton/3% lycra woven ladies blouses (style 7E44340);
- 3960 pieces of 97% cotton/3% lycra woven ladies blouses (style 7E44C04);
- 7512 pieces of 100% cotton ladies blouses (style 7B07);
- 2268 pieces of 100% cotton ladies blouses (style 7C72).

126.    By Plaintiff's invoice number 78/E/05 06 (CUT#9086) B/C 9106/9105, 9093/9099 dated February 28, 2006, Plaintiff advised ANI that the cost of the order was $83,919.60.

00373437                              24

127.    In or about February 2006, Plaintiff duly manufactured the subject goods and shipped same to ANI through Allcargo Movers.

128.    Additionally, Plaintiff's caused bill of lading number MUM020602079 to be delivered to and deposited with Habib Bank in New York.

129.    The subject goods were waiting with Allcargo Movers for defendant ANI to collect upon presentation of the original bill of lading evidencing full payment for the goods.

130.    At all times relevant to this proceeding, the original bill of lading for this transaction was on deposit with Habib Bank.

131.    If ANI had duly paid to Habib Bank the outstanding balance owed to Plaintiff, it would have collected the bill of lading from Habib Bank and delivered same to Allcargo Movers.

132.    Plaintiff has been informed that the original bill of lading for this transaction remains on deposit with Habib Bank.

133.    The bill of lading has not been returned to the corresponding bank in India, INDIAN OVERSEAS BANK.

134.    ANI never paid Habib Bank for the bill of lading and the subject goods associated therewith.

00373437                              25

135.   Allcargo Movers permitted the subject goods to be released to ANI without proper documentation, thereby delivering the goods to ANI without ensuring payment to Plaintiff.

136.   Allcargo Movers owed a contractual, statutory and common law duty to Plaintiff to hold subject goods until ANI presented an original bill of lading evidencing payment in full to Habib Bank.

137.   Allcargo Movers breached said duty by releasing the subject goods to ANI without collecting the original bill of lading on deposit with Habib Bank.  ANI instead delivered a non-negotiable copy of this subject bill of lading to India Overseas Bank, evidencing that ANI cleared the subject goods without proper payment.

138.   Upon information and belief, ANI through Ritesh's and Navine's deceptive and fraudulent acts, caused Allcargo Movers to release the subject goods without collecting from ANI the original bill of lading that was on deposit at Habib Bank.

139.   ANI issued eight (8) checks payable to Plaintiff: seven (7) in the amount of $10,000.00 each and one (1) in the amount of $13,919.60.  The checks were dishonored when presented for payment.

140.   Based upon the foregoing, Plaintiff has been damaged

00373437                          26

by ANI in the amount of $83,919.60.

141.    Accordingly, Plaintiff seeks judgment of the Court against defendant ANI under this cause of action in the amount of $83,919.60, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

> N.       FOURTEENTH CAUSE OF ACTION - -
>          AGAINST ALLCARGO MOVERS FOR NEGLIGENCE ON
>          ACCOUNT OF SHIPMENT INVOICE NO. 78/E/05 06
>          (CUT#9086) B/C 9106/9105, 9093/9099 DATED
>          FEBRUARY 28, 2006.

142.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 139. as if fully set forth at length herein.

143.    Under the common law and section 7-309 of the New York UCC, defendant Allcargo Movers owed the duty to Plaintiff to use reasonable care to protect the Plaintiff with respect to the subject goods represented in invoice number 78/E/05 06 (CUT #9086) B/C 9106/9105, 9093/9099 dated February 28, 2006.

144.    By delivering the subject goods without receiving payment, defendant Allcargo Movers breached that that duty.

145.    Consequently, as a result of Allcargo Movers' breach, Plaintiff suffered actual injury or loss and that the loss or injury in the sum of $83,919.60.

146.    As a direct consequence of Allcargo Movers' failure

to honor its duty to Plaintiff, Allcargo Movers has caused Plaintiff to lose the sum of $83,919.60.

147.    Accordingly, Plaintiff seeks judgment of the Court against defendant Allcargo Movers under this cause of action in the amount of $83,919.60, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

O.    **FIFTEENTH CAUSE OF ACTION --**
**AGAINST ALLCARGO MOVERS FOR CONVERSION OF**
**GOODS IN SHIPMENT INVOICE NO. 78/E/05 06**
**(CUT #9086) B/C 9106/9105, 9093/9099 DATED**
**FEBRUARY 28, 2006.**

148.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 146. as if fully set forth at length herein.

149.    Plaintiff had a possessory right or interest in the subject goods represented in invoice number 78/E/05 06 (CUT #9086) B/C 9106/9105, 9093/9099 dated February 28, 2006 and could have retrieve them if not duly paid for and retrieved by ANI.

150.    By delivering the subject goods without receiving payment, defendant Allcargo Movers has asserted dominion over the subject goods, and interfered with Plaintiff's possessory rights or interest therein, all in derogation of Plaintiff's rights.

00373437                              28

151.    Consequently, as a result of Allcargo Movers' conversion of the subject goods, Plaintiff suffered actual injury or loss and that the loss or injury in the sum of $83,919.60.

152.    Accordingly, Plaintiff seeks judgment of the Court against defendant Allcargo Movers under this cause of action for conversion in the amount of $83,919.60, plus interest, costs, disbursements and reasonable legal fees, to the Plaintiff.

P.      SIXTEENTH CAUSE OF ACTION - - AGAINST RITESH AND NAVINE FOR MONEY DUE AND OWING ON ACCOUNT OF THEIR FRAUD AND UNLAWFUL DECEPTIVE ACTS AND PRACTICES SHIPMENT INVOICE NO. 78/E/05 06 (CUT #9086) B/C 9106/9105, 9093/9099 DATED FEBRUARY 28, 2006.

153.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 151. as if fully set forth at length herein.

154.    Ritesh and Navine, and each of them, committed fraudulent and unlawful deceptive acts and practices in connection with their handling of the subject goods.

155.    Specifically, Ritesh and Navine, and each of them, repeated their previous course of conduct and created on Habib Bank's letterhead a fraudulent and unlawful and deceptive document entitled AIRWAY RELEASE - Authority to Release Goods

00373437                            29

dated February 2006 and made it appear to be executed by
managers or officers, or otherwise, of Habib Bank, thereby
enabling ANI to obtain the subject goods without making full
payment to Plaintiff.

156.    The fraudulent and unlawful deceptive acts and
practices of Ritesh and Navine, and each of them, caused harm to
Plaintiff in that the acts caused Plaintiff to lose the sum of
$83,919.60.

157.    Accordingly, Plaintiff seeks judgment of the Court
against defendants Ritesh and Navine, and each of them, on this
cause of action in the amount of $83,919.60, plus an award of
damages in an amount not to exceed three times the actual
damages, as may be awarded under section 349 of the General
Business Law, plus interest, costs, disbursements and reasonable
legal fees, to the Plaintiff.

Q.        SEVENTEENTH CAUSE OF ACTION --
          AGAINST HABIB BANK FOR MONEY DUE AND OWING
          ON ACCOUNT OF FOUR SHIPMENTS REFERRED HEREIN

158.    Plaintiff repeats each and every allegation
contained in paragraphs 1 through 156. as if fully set forth at
length herein.

159.    As a direct consequence of the negligent care with
which Habib Bank handled its stationery letterhead, and

00373437                          30

permitting access to such by ANI and Ritesh and Navine, and each

of them, Habib Bank caused Plaintiff to lose the sum of

$139,414.70 by improperly and deceptively drafting a false Habib

Bank letters AIRWAY RELEASE - Authority to Release Goods. Which

directly resulted in the subject goods being released to

defendant ANI without due payment to Plaintiff.

160.    Accordingly, Plaintiff seeks judgment of the Court

against defendant Habib Bank on this cause of action in the

amount of $139,414.70, plus interest, costs, disbursements and

reasonable legal fees, to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this

Court enter judgment in favor of the Plaintiff, and against the

defendants and each of them, as follows:

(A)     on the FIRST cause of action, a judgment of
        the Court against defendant ANI in the amount of
        $16,528.80, plus interest, costs, disbursements
        and reasonable legal fees;

(B)     on the SECOND cause of action, a judgment of
        the Court against defendant GeoLogistics in the
        amount of $16,528.80, plus interest, costs,
        disbursements and reasonable legal fees;

(C)     on the THIRD cause of action, a judgment of
        the Court against defendant GeoLogistics in the
        amount of $16,528.80, plus interest, costs,
        disbursements and reasonable legal fees;

(D)     on the FOURTH cause of action, a judgment of
        the Court against defendants Ritesh and Navine,
        and each of them, in the amount of $16,528.80,
        plus an award of damages in an amount not to
        exceed three times the actual damages, as may be
        awarded under section 349 of the General Business

Law, plus interest, costs, disbursements and reasonable legal fees;

(E)     on the FIFTH cause of action, a judgment of the Court against defendant ANI in the amount of $31,716.30, plus interest, costs, disbursements and reasonable legal fees;

(F)     on the SIXTH cause of action, a judgment of the Court against defendant GeoLogistics in the amount of $31,716.30, plus interest, costs, disbursements and reasonable legal fees;

(G)     on the SEVENTH cause of action, a judgment of the Court against defendant GeoLogistics in the amount of $31,716.30, plus interest, costs, disbursements and reasonable legal fees;

(H)     on the EIGHTH cause of action, a judgment of the Court against defendants Ritesh and Navine, and each of them, in the amount of $31,716.30, plus an award of damages in an amount not to exceed three times the actual damages, as may be awarded under section 349 of the General Business Law, plus interest, costs, disbursements and reasonable legal fees;

(I)     on the NINTH cause of action, a judgment of the Court against defendant ANI in the amount of $7,250.00, plus interest, costs, disbursements and reasonable legal fees;

(J)     on the TENTH cause of action, a judgment of the Court against defendant GeoLogistics in the amount of $7,250.00, plus interest, costs, disbursements and reasonable legal fees;

(K)     on the ELEVENTH cause of action, a judgment of the Court against defendant GeoLogistics in the amount of $7,250.00, plus interest, costs, disbursements and reasonable legal fees;

(L)     on the TWELFTH cause of action, a judgment of the Court against defendants Ritesh and Navine, and each of them, in the amount of $7,250.00, plus an award of damages in an amount not to exceed three times the actual damages, as may be awarded under section 349 of the General Business Law, plus interest, costs, disbursements and reasonable legal fees

(M)     on the THIRTEENTH cause of action, a judgment of the Court against defendant ANI in

00373437                          32

the amount of $83,919.60, plus interest, costs, disbursements and reasonable legal fees;;

(N)     on the FOURTEENTH cause of action, a judgment of the Court against defendant Allcargo Movers in the amount of $83,919.60, plus interest, costs, disbursements and reasonable legal fees;

(O)     on the FIFTEENTH cause of action, a judgment of the Court against defendant Allcargo Movers in the amount of $83,919.60 plus interest, costs, disbursements and reasonable legal fees;

(P)     on the SIXTEENTH cause of action, a judgment of the Court against defendants Ritesh and Navine, and each of them, in the amount of $83,919.60, plus an award of damages in an amount not to exceed three times the actual damages, as may be awarded under section 349 of the General Business Law, plus interest, costs, disbursements and reasonable legal fees;

(Q)     on the SEVENTEENTH cause of action, a judgment of the Court against defendant Habib Bank in the amount of $139,414.70, plus storage charges, interest, costs, disbursements and reasonable legal fees;

and for costs and disbursements; and such other, further and different relief awarded to Plaintiff as this Court deems to be just and proper, for all of which no request has been made to this or any other Court.

Dated:     New York, New York          Davidoff Malito & Hutcher LLP
           July 18, 2008               Attorneys for Atlas Exporters,
                                       Plaintiff

                                       By: _____
                                           Ralph E. Preite (RP:6700)
                                           605 Third Avenue
                                           New York, New York 10158
                                           (212) 557-7200

00375437                              33

VERIFICATION

STATE OF NEW YORK     }
                      } ss.:
COUNTY OF NEW YORK    }

   RALPH E. PREITE, an attorney admitted to practice in the
Courts of New York State, states: deponent is the attorney of
record for Atlas Exporters, Plaintiff, in the within action;
this verification is made by the undersigned because the
officers of Atlas Exporters with knowledge of the facts and
circumstances are not presently within or do not reside or have
principle places of business in the County of New York, the
County in which deponent maintains his law office, and in which
this action is being commenced.

   Plaintiff has read the foregoing complaint and knows the
contents thereof to be true to Plaintiff's own knowledge except
to matters therein stated to be alleged on information and
belief, and as to those matters Plaintiff believes them to be
true.  The grounds of Plaintiff's belief to all matters not
stated upon Plaintiff's knowledge are as follows:  personal
investigation, writing, correspondence, conversations, papers,
books, records and documents sent to him by defendant(s) or
plaintiff(s) and/or acquired by Plaintiff which are presently in
Plaintiff's office.

Dated:     New York, New York
           July 18, 2008

                       The undersigned affirms that
                       the foregoing statements are
                       true to the best of his
                       knowledge, information and
                       belief, under the penalties of
                       perjury.

                       _____
                       Ralph E. Preite, Esq.

00373437                         34

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------X

Atlas Exporters,                                          Index No.
d/b/a Looms India,
                        Plaintiff,

        -against-

ANI Industries LLC d/b/a Angilique,
Habib American Bank,
GeoLogistics Americas Inc.,
AllCargo Movers (India) PVT LTD.,
Ritesh Mahtani, and
Navine Mahtani,

                Defendants.

------------------------------X


VERIFIED COMPLAINT


DAVIDOFF MALITO & HUTCHER LLP
Attorneys for Atlas Exporters, Plaintiff
605 Third Avenue
New York, New York 10158
(212) 557-7200

00373437

# Exhibit B

**Supreme Court**
**New York County**
**Index No. /602111/08**

**Removed to**

**United State District Court**
**Southern District of New York**

_____CV_____

9183.SHV.JAD
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006

**United States District Court**
**Southern District of New York**

*Judge McMahon*

NEW YORK
COUNTY CLERKS OF

AUG 19 20..

NOT COMPARED
WITH COPY FILE

| | |
|---|---|
| ATLAS EXPORTER, D/B/A LOOMS INDIA<br><br>                              PLAINTIFF<br><br>          - AGAINST -<br><br>ANI INDUSTRIES LLC D/B/A/ ANGILIQUE, HABIB AMERICA BANK, GEOLOGISTICS AMERICAS INC., ALLCARGO MOVERS (INDIA) PVT LTD., RITESH MAHTANI, AND NAVINE MAHTANI,<br><br>                              DEFENDANT | DOCKET NO.      CV<br>U8  CIV  7346<br><br>SUPREME COURT OF THE<br>STATE OF NEW YORK<br>COUNTY OF NEW YORK<br>INDEX NO. 602111/08<br><br><br>GEOLOGISTICS AMERICAS INC A/K/A/<br>AGILITY LOGISTICS' ANSWER TO THE<br>COMPLAINT<br>AND CONTINGENT CROSS-CLAIMS |

Geologistics Americas Inc. d/b/a Agility Logistics (hereinafter collectively referred to as "Agility") by its attorneys, Cichanowicz, Callan, Keane Vengrow & Textor answer the plaintiff's, Atlas Exporter d/b/a/ Looms India (hereinafter "plaintiff"), complaint as follows:

1. Agility denies on information and belief the allegations set forth in paragraphs 1 through 3 of plaintiff's complaint.

### Summary of Claims

2. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 4 and 5 of plaintiff's complaint.

3. Agility denies on information and belief the allegations set forth in paragraph 6 of plaintiff's complaint.

**Factual Background**

4. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraphs 7 through 14 of plaintiff's complaint.

5. Agility admits that it is an entity licensed to do business in New York and maintains an office at 15-201 Rockaway Blvd., Jamaica, N.Y. 11434-2867; except as so specifically admitted, Agility denies on information and belief the remaining allegations set forth in paragraph 15 of plaintiff's complaint.

6. Agility admits that it is a ocean transportation intermediary licensed by the United States Federal Maritime Commission, except as so specifically admitted, Agility denies on information and belief all of the allegations set forth in paragraph 16 of plaintiff's complaint.

7. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraphs 17 through 23 of plaintiff's complaint.

**First Cause of Action**

8. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 7 inclusive of this answer, with the same force and effect as if herein set forth at length.

9. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraphs 24 through 26 of plaintiff's complaint.

10. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 27 of plaintiff's complaint, except admits that it arranged for an air shipment said to contain "ladies blouses" from BOM Mumbai, India to JFK, New York,

2

New York pursuant to the terms and conditions of Air Waybill 020 BOM 3871 3474 dated Feb. 22, 2006 and the Warsaw Convention.

11. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraphs 28 through 34 of plaintiff's complaint.

12. Agility denies on information and belief all of the allegations set forth in paragraphs 35 through 37 of plaintiff's complaint.

13. Agility denies knowledge and information sufficient to form a belief as to the general allegations set forth in paragraph 38 of plaintiff's complaint and specifically denies on information and belief those allegations in paragraph 38 of plaintiff's complaint directed at Agility.

14. Agility denies on information and belief all of the allegations set forth in paragraph 39 and 40 of plaintiff's complaint.

<u>**Second Cause of Action**</u>

15. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 14 inclusive of this answer, with the same force and effect as if herein set forth at length.

16. Agility denies on information and belief all of the allegations set forth in paragraphs 41 through 46 of plaintiff's complaint.

<u>**Third Cause of Action**</u>

17. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 16 inclusive of this answer, with the same force and effect as if herein set forth at length.

18. Agility denies on information and belief all of the allegations set forth in paragraphs 47 through 51 of plaintiff's complaint.

**Fourth Cause of Action**

19. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 18 inclusive of this answer, with the same force and effect as if herein set forth at length.

20. Agility denies knowledge and information sufficient to form a belief as to the general allegations set forth in paragraphs 52 through 56 of plaintiff's complaint and specifically denies on information and belief those allegations in paragraphs 52 through 56 of plaintiff's complaint directed at Agility.

**Fifth Cause of Action**

21. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 20 inclusive of this answer, with the same force and effect as if herein set forth at length.

22. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraphs 57 through 67 of plaintiff's complaint, except admits that it arranged for an ocean shipment said to contain "ladies blouses" from Mumbai, India to New York, New York pursuant to the terms and conditions of Bill of Lading BOM 8115571/002 dated April 25, 2006 and the Carriage of Goods by Sea Act.

23. Agility denies on information and belief all of the allegations set forth in paragraphs 68 through 73 of plaintiff's complaint.

### Sixth Cause of Action

24. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 23 inclusive of this answer, with the same force and effect as if herein set forth at length.

25. Agility denies on information and belief all of the allegations set forth in paragraphs 74 through 79 of plaintiff's complaint.

### Seventh Cause of Action

26. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 25 inclusive of this answer, with the same force and effect as if herein set forth at length.

27. Agility denies on information and belief all of the allegations set forth in paragraphs 80 through 84 of plaintiff's complaint.

### Eighth Cause of Action

28. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 27 inclusive of this answer, with the same force and effect as if herein set forth at length.

29. Agility denies knowledge and information sufficient to form a belief as to the general allegations set forth in paragraphs 85 through 89 of plaintiff's complaint and specifically denies on information and belief those allegations in paragraphs 85 through 89 of plaintiff's complaint directed at Agility.

## Ninth Cause of Action

30. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 29 inclusive of this answer, with the same force and effect as if herein set forth at length.

31. Agility denies knowledge and information sufficient to form a belief as to the general allegations set forth in paragraphs 90 through 92 of plaintiff's complaint.

32. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 93 of plaintiff's complaint, except admits that it arranged for an air shipment said to contain "girls skirts" from BOM Mumbai, India to JFK, New York, New York pursuant to the terms and conditions of Air Waybill 932 BOM 0885 9480 dated Feb. 15, 2006 and the Warsaw Convention..

33. Agility denies knowledge and information sufficient to form a belief as to the general allegations set forth in paragraphs 94 through 101 of plaintiff's complaint.

34. Agility denies on information and belief all of the allegations set forth in paragraphs 102 through 104 of plaintiff's complaint.

35. Agility denies knowledge and information sufficient to form a belief as to the general allegations set forth in paragraph 105 of plaintiff's complaint.

36. Agility denies on information and belief all of the allegations set forth in paragraphs 106 through 107 of plaintiff's complaint.

## Tenth Cause of Action

37. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 36 inclusive of this answer, with the same force and effect as if herein set forth at length.

38. Agility denies on information and belief all of the allegations set forth in paragraphs 108 through 113 of plaintiff's complaint.

## Eleventh Cause of Action

39. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 38 inclusive of this answer, with the same force and effect as if herein set forth at length.

40. Agility denies knowledge and information sufficient to form a belief as to the general allegations set forth in paragraph 115 of plaintiff's complaint.

41. Agility denies on information and belief all of the allegations set forth in paragraphs 116 through 118 of plaintiff's complaint.

## Twelfth Cause of Action

42. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 41 inclusive of this answer, with the same force and effect as if herein set forth at length.

43. Agility denies knowledge and information sufficient to form a belief as to the general allegations set forth in paragraphs 119 through 123 of plaintiff's complaint and specifically denies on information and belief those allegations in paragraphs 119 through 123 of plaintiff's complaint directed at Agility.

## Thirteenth Cause of Action

44. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 43 inclusive of this answer, with the same force and effect as if herein set forth at length.

7

45. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 124 through 141 of plaintiff's complaint.

### Fourteenth Cause of Action

46. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 45 inclusive of this answer, with the same force and effect as if herein set forth at length.

47. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 142 through 147 of plaintiff's complaint.

### Fifteenth Cause of Action

48. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 47 inclusive of this answer, with the same force and effect as if herein set forth at length.

49. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 148 through 152 of plaintiff's complaint.

### Sixteenth Cause of Action

50. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 49 inclusive of this answer, with the same force and effect as if herein set forth at length.

51. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 153 through 157 of plaintiff's complaint.

### Seventeenth Cause of Action

52. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 51 inclusive of this answer, with the same force and effect as if herein set forth at length.

53. Agility denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 158 through 160 of plaintiff's complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

54. That the said shipments as described in plaintiff's complaint are subject to all the terms, conditions and exceptions contained in certain air waybills and/or bills of lading and/or warehouse receipts then there issued, by which the shippers and consignees of said air waybills and/or bills of lading and/or warehouse receipts are agreed to be and are bound.

55. Said shipments were transported by air or by sea as identified on the respective air waybills and/or bills of lading and are subject to the contractual terms and conditions of the aforesaid air waybills and/or bills of lading and/or warehouse receipts.

56. Any shortage, loss and/or damage to the shipment in suit which Agility specifically denies on information and belief was due to causes for which this defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the General Maritime law and/or applicable foreign law and/or the Warsaw Convention, formally known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C.A. § 40105,

and/or the provisions of the said air waybills and/or bills of lading and/or warehouse receipts.

### SECOND AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred or limited by the contracts of carriage and/or warehouse receipts and/or the Warsaw Convention, formally known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C.A. § 40105 and/or the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, as evidenced by the language found on the applicable air waybills and/or bills of lading and/or warehouse receipts relevant to the shipments at issue.

### THIRD AFFIRMATIVE DEFENSE

58. Plaintiff's state law claims, in whole or in part, are preempted by the federal common law applicable to federal certified air carriers, by 49 USC §41713 and/or the Warsaw Convention, formally known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C.A. § 40105 and/or the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936.

### FOURTH AFFIRMATIVE DEFENSE

59. That the venue of this matter, in whole or in part, is improperly placed in this jurisdiction pursuant to the forum selection clause in the applicable air waybills requiring that action be brought in Mumbai, India.

### FIFTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims should be dismissed on the basis of improper notice.

10

### SIXTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

### SEVENTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims should be dismissed for lack of jurisdiction over Agility.

### EIGHTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims should be dismissed for insufficiency of process.

### NINTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims if any, are, or may be barred or limited by its own breach of contract, or the breach of contract of its agents, employees or representatives.

### TENTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims, if any, are, or may be barred or limited by its own assumption of risk, or the assumption of risk by its agents, employees or representatives.

### ELEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims, if any, are, or may be barred or limited in whole or in part by the negligence of the plaintiff and/or its agents, employees or representatives.

### TWELFTH AFFIRMATIVE DEFENSE

67. That if plaintiff did suffer damage as alleged, which is denied, then said damages were not while in the care, custody or control of Agility and/or its agents, employees or representatives.

### THIRTEENTH AFFIRMATIVE DEFENSE

68. That if plaintiff did suffer losses, as alleged, which is denied, then such losses resulted from a cause arising without the actual fault and privity of Agility and without the fault or neglect of the agents and/or servants of Agility.

11

## FOURTEENTH AFFIRMATIVE DEFENSE

69. That if the goods in suit were lost and/or damaged, which is denied, said losses and/or damages were caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

## FIFTEENTH AFFIRMATIVE DEFENSE

70. Due diligence was exercised on the part of the Agility to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## SIXTEENTH AFFIRMATIVE DEFENSE

71. Plaintiff has failed to properly and fully mitigate its damages in its complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

72. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper and/or consignee and/or a third party, for which Agility is not liable.


## AS AND FOR THEIR CONTINGENT CROSS-CLAIMS AGAINST CO-DEFENDANTS ANI INDUSTRIES LLC d/b/a/ ANGELIQUE, HABIB AMERICAN BANK, ALL CARGO MOVERS (INDIA) VT LTD., RITESH MAHTANI and/or NAVINE MAHTANI DEFENDANT AGILITY ALLEGES AS FOLLOWS:

73. Agility repeats and realleges each and every admission, denial on information and belief and denial of knowledge or information contained in paragraphs 1 through 72 inclusive of this answer, with the same force and effect as if herein set forth at length.

74. If this action against Agility is not dismissed on the basis of the applicable time bars under the Warsaw Convention and/or the Carriage of Goods by Sea Act or the contractual forum selection clause in the applicable contracts of carriage and there was any loss or

damage to the shipments referred to in the complaint, which are denied, and said losses of damage caused any liability to defendant Agility, then the said liability was brought about by defendants ANI INDUSTRIES LLC d/b/a/ ANGELIQUE, HABIB AMERICAN BANK, ALL CARGO MOVERS (INDIA) VT LTD., RITESH MAHTANI and/or NAVINE MAHTANI's negligence and/or breaches contract and/or breaches of warranties, implied or expressed, and by reason thereof, then defendant Agility is entitled to full indemnity and/or contribution from defendants ANI INDUSTRIES LLC d/b/a/ ANGELIQUE, HABIB AMERICAN BANK, ALL CARGO MOVERS (INDIA) VT LTD., RITESH MAHTANI and/or NAVINE MAHTANI, for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE**, Defendant Agility prays that the complaint against it be dismissed, that its cross-claims be granted and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       August 18, 2008

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP

By: /s/ Stephen Vengrow
   Stephen H. Vengrow (SHV/3479)
   61 Broadway, Suite 3000
   New York, New York 10006
   Voice: 212-344-7042
   Fax: 212-344-7285
   Email: svengrow@cckvt.com

13

**Via Us Mail**
Davidoff, Malito & Hutcher LLP
Attention: Ralph Preite, Esq.
605 Third Avenue
New York, New York 10158
(212) 557-7200
Attorneys for Plaintiff

ANI Industries LLC d/b/a/ Angelique
1407 Broadway, Suite 921
New York, NY 100018
Attention: Ritesh Mahtani

ANI Industires LLC d/b/a/ Angelique
1407 Broadway, Suite 921
New York, NY 100018
Attention: Navine Mahtani

Habib American Bank
99 Madison Avenue
New York, NY 10016

AllCargo Movers Inc.
200 Middlesex Turnpike
Iselin, NJ 08830

14